IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>SARAH A. WHITE,<br><br>    Defendant. | 4:22-CR-3106<br><br>TENTATIVE FINDINGS |

  The Court has received the revised presentence investigation report and addendum in this case. The defendant has objected to the presentence report (filing 20) and filed a motion for downward departure or variance (filing 19).

  IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)  give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)  resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)    impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    The defendant has objected to the presentence report. Filing 20. Specifically, the defendant objects to the tax loss computation, arguing that her failure to pay the employer portion of payroll taxes is not relevant conduct, and so this dollar amount should not be included in the loss calculation. Filing 20.

The Guidelines make clear how to compute tax loss. "If the offense involved willful failure to pay tax, the tax loss is the amount of tax that the taxpayer owed and did not pay." U.S.S.G. § 2T1.1(c)(3). To determine the total tax loss attributable to the offense, "all conduct violating the tax laws should be considered as part of the same course of conduct or common scheme or plan unless the evidence demonstrates that the conduct is clearly unrelated." *Id.*, cmt. n.2. The defendant pled guilty to violating 26 U.S.C. § 7202, "willful failure to collect or pay over tax." Per

- 2 -

the Guidelines, then, the tax loss computation should include all conduct which violated the tax laws, unless such conduct is clearly unrelated.

The defendant argues that the failure to pay the corporate share of the payroll taxes "is not a misuse or conversion of employee taxes and is substantively a different offense," apparently meaning that conduct is unrelated to the failure to pay the employee share. Filing 20. The defendant appears to make a distinction in her behavior regarding the failure to pay employee taxes versus employer taxes. The violation of § 7202 for failing to pay employee taxes arose from the defendant collecting such taxes from employees' paychecks, holding the money in trust for the government pursuant to 26 U.S.C. § 7501, but then failing to remit payment to the IRS. Apparently, the defendant believes this is substantively different than failure to pay over the corporate share of the payroll taxes, which resulted simply from not paying the government what it was owed.

However, as described in the Guidelines, all conduct that violates the tax laws is part of the tax loss computation unless that conduct was unrelated. There is nothing to negate the showing that the defendant's conduct included both the failure to pay employee and employer payroll taxes. The defendant's failure to pay such taxes violated 26 U.S.C. § 7203. The defendant, quarter after quarter and in the same course of conduct, failed to pay over both employer and employee shares of payroll taxes owed to the IRS.

The defendant also argues that "there is no separate provision in the civil or criminal tax law, that holds a responsible corporate officer personally

- 3 -

liable for the general tax obligations of a corporation." Filing 20 at 1. To begin with, the businesses here were both limited liability companies, not corporations. But beyond that, the tax code does provide that a "person," as used in §§ 7202 and 7203, includes officers of a company with a duty to pay taxes on behalf of the company. 26 U.S.C. § 7343. Thus, acting in her capacity as an officer for the company, the defendant violated a tax law, specifically § 7203, by failing to pay to the IRS the corporate share of the payroll taxes.

As explained above, all conduct which violates the tax laws is included in the tax loss computation. The defendant does not have to pay that money back as restitution and thus is not "personally liable" for the corporate share amount. But the defendant's failure to pay both the employee and employer share of the payroll taxes violated the tax laws and resulted in a tax loss, making it relevant conduct. The Court's tentative finding, then, is that the defendant's objection is without merit.

The defendant has also filed a motion for downward departure or variance based on her personal circumstances and the circumstances of the offense, particularly her extraordinary efforts to pay restitution.[1] Filing 19. The Court will resolve that motion at sentencing.

---

[1] The Court notes that it may not depart from the applicable guideline range based on the defendant's fulfillment of her restitution obligations to the extent required by law. § 5K2.0(d)(5). The Court does, however, recognize its authority to depart based on extraordinary efforts at restitution. *See United States v. Oligmueller,* 198 F.3d 669, 672 (8th Cir. 1999) (citing *United States v. Garlich,* 951 F.2d 161, 163 (8th Cir.1991)).

3.  Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.  If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

    Dated this 28th day of December, 2022.

                                            BY THE COURT:

                                            *John M. Gerrard*
                                            John M. Gerrard
                                            United States District Judge